**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DENZIL LAWRENCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 1:19-cv-05078 |
| v. ) | |
| ) | Hon. Judge Mary M. Rowland |
| JAMES P. CORCORAN, ) | |
| ) | |
| Defendants. ) | |

**INITIAL STATUS REPORT**

NOW COME Plaintiff and the Defendant, by and through their attorneys, Kretchmar & Cecala, PC, and the Illinois Attorney General's Office, respectively, and for their initial status report, state as follows:

**I.  Nature of the Case**

A. Attorney for Defendant:
Office of the Illinois Attorney General
Hal Dworkin, Assistant Attorney General
General Law Bureau
100 W Randolph St, 13th Floor
Chicago, IL 60601
(312) 814-5159

Attorney for Plaintiff:
Kretchmar & Cecala, PC
S. Randolph Kretchmar
1170 Michigan Ave
Wilmette, IL 60091
(847) 370-5410

B. Plaintiff's claims are brought under 42 U.S.C. § 1983, and Plaintiff has invoked the jurisdiction of the court pursuant to 28 U.S.C. §§ 1331, 1343, and 2201.

C. Plaintiff's Complaint contains a single count brought under 42 U.S.C. § 1983. Plaintiff alleges false imprisonment and denial of due process in violation of the Fourth and Fourteenth Amendments. There are no counterclaims or third-party claims.

    D. Plaintiff seeks compensatory, consequential and punitive damages, economic losses, attorneys' fees, pre- and post-judgment interest, and equitable and injunctive relief.

    E. Anticipated legal and factual issues include:

- Whether the Defendant committed the acts alleged in the Complaint to instigate and coerce the filing of a false involuntary commitment petition against the Plaintiff, and whether the allegations in Part IV, especially Paragraphs 17-22 of the Complaint, are true;
- Whether the acts alleged in the Complaint subject Defendant to liability under Section 1983 for violation of the Fourth or Fourteenth Amendments.
- Whether Defendant had any legal right to keep Plaintiff involuntarily committed at Elgin Mental Health Center while the Petition for Involuntary Commitment was pending; and
- Whether the Defendant is entitled to any immunity.

    F. Defendant James P. Corcoran returned a waiver of service of summons, mailed to him on November 23, 2019, on January 2, 2020.

## II.   Discovery and Case Plan

    A. Parties will need to conduct written discovery in the form of interrogatories, document and electronic information production requests, and requests for admission of facts.
    B. Written discovery requests should commence by February 15, 2020; fact discovery should complete by April 15, 2020.
    C. Expert discovery should complete by June 15, 2020.
    D. No motions are currently pending. Defendant is currently analyzing whether any appropriate motion may be filed as a responsive pleading to the Complaint.
    E. All parties agree to electronic service.
    F. Parties have reviewed the Standing Order Regarding Mandatory Initial Discovery Pilot Project. All counsel will come to the initial status conference on January 14, 2019, having reviewed the Standing Order and Checklist.

## III.   Trial

    A. Plaintiff has demanded a jury trial.
    B. Parties anticipate being ready for trial by September 31, 2020.
    C. Trial is estimated to require 5-7 days.

## IV.   Consent and Settlement Discussions

    A. The parties do not jointly consent to proceed before a Magistrate Judge.
    B. No settlement discussions have occurred to date.

C. Plaintiff requests a settlement conference as soon as possible. Defendant does not request a settlement conference at this time.

Respectfully Submitted,

*s/_Hal B. Dworkin*_____
Hal Dworkin
Illinois Attorney General's Office
100 W. Randolph St., 13th Floor
Chicago, IL 60601
hdworkin@atg.state.il.us
*Attorney for Defendant*

*s/__S. Randolph Kretchmar*_____
S. Randolph Kretchmar
Law Offices of Kretchmar & Cecala, P.C.
1170 Michigan Ave
Wilmette, IL 60091
srandolphk@gmail.com
*Attorney for the Plaintiff*